IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

GLENDA S. JACKSON,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   CIVIL ACTION NO.
                                  )   CV-95-AR-2473-E
ANNISTON CITY BOARD OF            )
EDUC., et al.,                    )
                                  )
    Defendants.                   )

**MEMORANDUM OPINION**

On November 26, 1996, this court issued an order that granted in part and denied in part a motion by defendants' for Rule 56 F.R.Civ.P. disposition in the above-entitled matter. The facts of said controversy were sufficiently articulated in this court's November 26, 1996, memorandum opinion and will not be regurgitated here. In that memorandum opinion, this court noted that plaintiff met her *prima facie* burden establishing a presumption of discrimination as to all contested positions.

Defendants argued, with regard to the only two positions still at issue, that plaintiff had failed to meet her *prima facie* burden. They did not offer a legitimate, nondiscriminatory reason for the employment decisions. Because plaintiff met her *prima facie*

1

burden, defendants' motion, as to these positions, was denied. In an effort to correct their former "oversight", defendants moved for leave to file an additional motion for summary judgment on February 7, 1997. Plaintiff argued that the motion was out of time. Nevertheless, this court granted defendants' motion for leave to file on the belief that a resolution of the renewed motion would resolve the matter completely and obviate the need for and expense of a trial on the merits. For the reasons stated below and for the reasons in this court's November 26, 1996, opinion, defendants' motion for summary judgment is due to be granted.

### A. Burden Shifting

Plaintiff bears the initial burden in a Title VII, 42 U.S.C. 2000e *et. seq.* or similar § 1983 claim, of establishing a *prima facie* case of discrimination. Plaintiff has done this. Once plaintiff establishes her *prima facie* case, the burden shifts to defendants to produce evidence of a legitimate, nondiscriminatory reason for making its hiring decision. *See Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 439 (11th Cir. 1996). As plaintiff notes, this burden of production is "exceedingly light." *See Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983). Defendants have met this burden.

2

As mentioned above, two positions, both unadvertised, are at issue. The first is the position of principal of Constantine Elementary School ("Constantine position"). The second is the position of Director of Curriculum for the Central Office ("Curriculum position"). Robert McClain ("McClain"), a black male who was a tenured assistant principal at the Cobb Elementary School won the Constantine position. McClain's former administrative position at the Cobb Elementary School was about to be eliminated by county wide cost-cutting measures. In an effort to economize their efforts of advertising when a clear candidate was available, to save a proven administrator's job, and to hire a well qualified applicant, defendants chose to hire McClain without interviewing other applicants. McClain was certainly qualified for the job, having had numerous years of experience as an administrator at the Cobb Elementary School, while plaintiff, in contrast, had no administrative experience.

The Curriculum position was offered initially to Dr. Richard Hooks ("Hooks"), a black male, who declined the position. The job was eventually awarded to Jan Hurd ("Hurd"), a white female. Defendants offered Hooks and later Hurd the position because of their superior experience in curriculum instruction. Further, it is argued, that like McClain's position, the position was filled

3

through an administrative reshuffling of positions after the departure of the former school system superintendent, Leon Garrett ("Garrett"), and thus did not need to be advertised. As to both positions, defendants strenuously argue that they had no policy of advertising positions within the school system.

It is this assertion, that defendants had no policy of advertising, that plaintiff attempts to use as a hook to show pretext. Where defendants assert a legitimate, nondiscriminatory reason for a hiring decision, the burden shifts to plaintiff "to show that the employer's proffered reason for the adverse employment decision was false and that discrimination was the real reason." *Isenbergh*, 97 F.3d at 440-41. The second prong of this test has come under sharp criticism in a recent Eleventh Circuit opinion, *Combs v. Plantation Patterns*, ___F.3d___, 1997 70608 (11th Cir. Feb. 20, 1997), and therefore for purposes of this opinion this court will ignore the *Isenbergh* dicta, which the *Isenbergh* court itself did not apply. The *Isenbergh* dicta, as well as the holding in *Walker v. Nations Bank of Florida*, 53 F.3d 1548 (11th Cir. 1995), from whence it was spawned, will continue to be ignored by this court, and the rationale of *Howard v. BP Oil Co*, 32 F.3d 520 (11th Cir. 1994), and its progenitors and posterity will be

4

followed, unless and until an *en banc* Eleventh Circuit, the Supreme Court, or Congress provides further guidance. See *Combs*, ___F.3d at ___, 1997 WL 70608 at *13.

Accordingly, plaintiff need only show that the employer's proffered explanation is "unworthy of credence." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). In accomplishing this, plaintiff must present "significantly probative evidence on the issue to avoid summary judgment." *Id.* (citing cases). "Conclusory allegations of discrimination, without more are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions." *Id.* (citing cases). "The plaintiff must call into question the veracity of the defendant's ultimate justification itself." *Isenbergh*, 97 F.3d at 444.

Plaintiff's only evidence that defendants' proffered reasons are pretextual is that Garrett, the former superintendent of the Board, testified that under his tenure, a policy of advertising certain positions was in force. He later recanted this testimony, but viewing the evidence in the light most favorable to plaintiff, this court will assume such an informal policy existed under

5

Garrett, even though testimony from the present superintendent, who was in superintendent during all periods relevant to this case, states that no such policy existed. Even if the policy did exist, which is questionable, it is of no matter. The failure of defendants to advertise certain positions allowed plaintiff in the present action to establish her *prima facie* case. *See Jones v. Firestone Tire & Rubber Co.*, 977 F.2d 527, 533 (11th Cir. 1992), *cert. denied*, 508 U.S. 961, 113 S. Ct. 2932 (1993). Nevertheless, defendants' failure to adhere to this so-called "policy" of advertising, does not constitute sufficient evidence to establish pretext. Deviation from employment or hiring guidelines or policies, such as a requirement of advertising a position, does not give rise to a presumption of pretext when the deviation occurred without discriminatory intent. *See Equal Opportunity Employment Commission v. Texas Instruments, Inc.*, 100 F.3d 1173, 1182 (5th Cir. 1996); *Vaughn v. Edel*, 918 F.2d 517, 523 (5th Cir. 1990); *Risher v. Adlridge*, 889 F.2d 592, 597 (5th Cir. 1989); *Roxas v. Presentation College*, 90 F.3d 310, 317 (8th Cir. 1996). Initially, plaintiff offers no evidence that if the policies existed they were binding upon the Board. *See Roxas*, 90 F.3d at 317. Furthermore, plaintiff has offered no evidence that would suggest that a

6

deviation from the so-called policy had any discriminatory taint. Defendants' reasons for such a "deviation," including financial constraints, expediency, and care for the welfare of McClain are by no stretch of the imagination discriminatory. Where legitimate business and other pressures require a deviation from guidelines or policies to accomplish legitimate ends, no pretext from the deviation is established. *See id*. Plaintiff has shown nothing to the contrary.

Finally, the main reasons offered, the so-called "ultimate justifications," for the hiring decisions were that McClain and Hurd were well qualified and that an administrative reorganization was occurring within the school board that obviated the need for advertising. Plaintiff has offered nothing, save conjecture, to show otherwise. Because a reasonable fact finder could not find pretext, defendants' motion for summary judgment will be granted.

## § 1983

Plaintiff further argues that her equal protection rights have been violated by the board's hiring decisions. As this court noted in its previous decision in the above-styled action:

> In a case such as this alleging disparate treatment, in which § 1983 is employed as a remedy <u>for the same conduct</u> attacked under Title VII, "the elements of the two causes of action are the same." *Cross v. State of Ala.*, 49 F.3d 1490, 1508 (11th Cir. 1995)(quoting *Hardin v. Stynchcomb,*

7

> 691 F.2d 1364, 1369 n.16 (11th Cir. 1982)). In both instances the plaintiff must prove that the defendant acted with discriminatory intent." *Hardin,* 691 F.2d at 1369 n. 19.

*Richardson v. Leeds Police Dept.*, 71 F.3d 801, 805 (11th Cir. 1995)(emphasis added). As noted above, plaintiff has failed to show any evidence of pretext, let alone discriminatory intent, on the part of defendants. Even so, plaintiff asserts that a case from a foreign jurisdiction, *Rhode Island Minority Caucus, Inc. v. Baronian*, 590 F.2d 372 (1st Cir. 1979), provides her with a § 1983 cause of action. Even if this case were controlling and on point-- it is neither--the First Circuit suggested that while plaintiffs in *Baronian*, may have alleged an equal protection injury they would have to prove at trial that "racial animus played a part in the Board's decision to exclude them." *Id.* at 376. As previously mentioned, plaintiff has offered no evidence of *any* racial or gender animus. For these reasons, as well as those articulated above and in this court's November 26, 1996, memorandum opinion, defendants' motion for summary judgment is due to be granted.

    A separate and appropriate order will be entered.

    DONE this _19th_ day of March, 1997.

                        /s/ William M. Acker, Jr.
                         WILLIAM M. ACKER, JR.
                         UNITED STATES DISTRICT COURT